UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AHMADOU SANKARA,

                          Plaintiff,                                          15-cv-7761 (PKC)

              -against-                                                      ORDER


POLICE OFFICER LIAM O'HARA, et al.,

                          Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Ahmadou Sankara, who is proceeding pro se, brought claims that were

long ago dismissed and unsuccessfully appealed.  He belatedly seeks to rehash these claims.

        Sankara's Third Amended Complaint, (ECF 15), named Rebecca Dunnan, a N.Y.

County Assistant District Attorney; Marcia Seckler, a Legal Aid Attorney; and Kira Tryves, an

appointed counsel in a state court matter; as well as Liam O'Hara and Brian Kusterer.

        In an Order of January 27, 2016, (ECF 23), nearly ten years ago, the Court

dismissed the section 1983 claims against Seckler and Tryves because they were private parties

who did not act under color of state law.  It dismissed the claim against Dunnan based upon

prosecutorial immunity.  The dismissal was made sua sponte pursuant to 28 U.S.C.

§§ 1915(e)(2)(B), 1915A(b).

        Thereafter, service was effectuated on Police Officer Liam O'Hara and Detective

Brian Kusterer, who were also named in the Third Amended Complaint.  (ECF 55 & 56.)  In a

Memorandum and Order of December 4, 2017, (ECF 119), the Court granted a motion for

judgment on the pleadings on a motion filed by defendants Police Officer Liam O'Hara and

Detective Brian Kusterer.  The Clerk entered Judgment on December 7, 2017.  (ECF 120.)

Sankara sought reconsideration, which was denied, with the Court concluding that "Sankara has not come forward with any legal or factual basis for granting reconsideration pursuant to Local Civil Rule 6.3, or for amending or vacating judgment pursuant to Rules 59 and 60, Fed. R. Civ. P." (ECF 124.)

Sankara appealed to the United States Court of Appeals for the Second Circuit, and on June 27, 2018, the Court of Appeals denied Sankara leave to proceed in forma pauperis "because [the appeal] 'lacks an arguable basis either in law or in fact.'" (ECF 133 (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).)

Sankara thereafter sought relief in this Court from the Memorandum and Order of December 4, 2017, which the Court again denied. (ECF 136.) In the Order of July 13, 2018, the Court directed as follows:

> The Clerk of Court is further directed to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit. The Court reminds Plaintiff that in accordance with the Court's standing order, any future *pro se* submissions that he wishes to file in this Court must be filed with the Court's *Pro Se* Intake Unit, and must not be sent directly to the undersigned. *See In re Pro Se Litigation,* Standing Order Ml0-468, Doc. #58 (S.D.N.Y. Oct. 31, 1996).

(ECF 136.)

Sankara has returned to the practice of making unwarranted filings in this Court, with four such filings in calendar year 2025.

Sankara's requests are construed with solicitude for his pro se status. Sankara wants to reargue the Court's Memorandum and Order of December 4, 2017, and the Court's Order dated January 2, 2018, and docketed on January 3, 2018. The claim that he did not receive the December 4, 2017, Order is contradicted by (1) his "motion for relief from judgmen[t] order

date Dec 4 2017," filed on December 13, 2017, which includes a correct Westlaw citation to the December 4 decision, (ECF 122), and (2) a notice of appeal of the December 4 Memorandum and Order filed on December 14, 2017, (ECF 121).  He claims he did not receive the Order dated January 2, 2018, but (1) he refers to "the court order DATE JANUARY 2 2018" in his submission of January 17, 2018, (ECF 126), and (2) in his November 17, 2025, filing, (ECF 144), Sankara quotes from the January 2, 2018, Order nearly verbatim.

Sankara's also seeks to have this Court vacate his state court conviction in the context of his section 1983 claim for monetary damages.  (ECF 143 & 144.)  This Court is without authority to do so.  Separately and not as part of this section 1983 action, Sankara brought a motion petition in this Court pursuant to section 2254 of Title 28 that was assigned to Judge Nathan.  Sankara v.  Martuscellor, et al., 18-cv-6308.  Judge Nathan adopted the Magistrate Judge's recommendation that the petition be denied, and judgment was entered dismissing the petition on November 19, 2020.  (ECF 71.)  An appeal was taken to the United States Court of Appeals for the Second Circuit that was dismissed as moot.  (ECF 75.)

Sankara thereafter filed the following motions in the district court: (1) a motion for reconsideration on March 24, 2022, (ECF 76), (2) a motion to set aside the judgment, denied on March 14, 2023, (ECF 81), (3) a motion for appointment of counsel on May 18, 2023, (ECF 82), (4) a motion under Rule 60(b)(1) for reconsideration on January 23, 2024, (ECF 85), (5) a motion for reconsideration filed March 18, 2025, (ECF 89), (6) a motion for relief from judgment filed on October 16, 2025, (ECF 91), and a motion to amend/correct filed October 22, 2025, (ECF 93).  The motions were denied, and they lead to the issuance by Judge Engelmayer, to whom the case was then assigned, of a bar on filing new actions unless authorized by the Court in advance of filing.  (ECF 94.)

- 3 -

Finally, Sankara requests that any future communications be sent to him via email because of difficulties with postal deliveries in the Ivory Coast. (ECF 148.) That application is GRANTED, and the Clerk shall reflect on the docket an email address for Sankara of ahmedkone7489@gmail.com. The Court does not anticipate any future communications to or from Sankara.

All other relief sought by Sankara is DENIED.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 443-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        January 23, 2026

Copy to Ahmadou Sankara
ahmedkone7489@gmail.com

Copy to Office of Pro Se Clerk